UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| NORMAN CLARK | CIVIL ACTION NO. 10-392-P |
| VERSUS | JUDGE HICKS |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Norman Clark ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on March 1, 2010. Plaintiff is incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana, and claims his civil rights were violated by prison officials. He names James M. LeBlanc, Lt. Rod Boyer, the Louisiana Department of Corrections, Sheriff Larry Dean and the Bossier Medium Correctional Center as defendants.

Plaintiff claims he was transferred to the Bossier Medium Correctional Center ("BMCC") on April 3, 2008. He claims that after he was incarcerated at BMCC for 15 months, he developed diabetes because of the high carbohydrate diet he was fed. He claims that on Mondays, Wednesdays, and Saturdays he was fed two biscuits, an egg, and grits for

breakfast. He claims that on Tuesdays and Thursdays he was fed two waffles, a hash brown and oatmeal for breakfast. He claims that on Fridays and Sundays he was fed a bowl of cereal and two pieces of bread for breakfast. He claims that on Sundays, Mondays, Wednesdays, and Thursdays he was fed a slice of bologna with two pieces of white bread with beans and carrots for lunch. He claims that on Tuesdays and Fridays he was fed two hotdogs with carrots and beans for lunch. Plaintiff claims he was fed rice, potatoes, and gravy for dinner. He claims he must now pay for medication that he is required to take twice a day for his condition.

Plaintiff claims that he is a DOC inmate and if he were incarcerated in a DOC facility he would be earning incentive wages as a flat time inmate.

Accordingly, Plaintiff seeks compensatory and punitive damages and a waiver of his medical bills. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must

take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. The meals fed to Plaintiff do not amount to nutritional deprivations which are sufficiently serious. Thus, Plaintiff's claims have failed to satisfy the first component of an Eighth Amendment claim.

Furthermore, Plaintiff has not alleged any facts indicating that Defendants knowingly and unnecessarily placed him in a dangerous environment to the extent that his constitutional rights were violated. There has been no allegation that Defendants disregarded an excessive risk to the Plaintiff's health or safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970. Thus, Plaintiff's claims have failed to satisfy the second component of an Eighth Amendment claim.

**Medical Fee**

Plaintiff complains that he must pay for medication that he is required to take twice a day for diabetes. Plaintiff does not have a constitutional right to free medical care. Hutchinson v. Belt, 957 F.Supp. 97 (W.D. La. 1996). Furthermore, Plaintiff does not allege that he was denied medical treatment because he could not pay the fee.

Accordingly, Plaintiff's medical fee claim should be dismissed with prejudice as frivolous.

**Place of Confinement**

Plaintiff claims he is being denied the right to earn incentive wages because he is not incarcerated at a DOC facility. The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Furthermore, prisoners have no constitutional right to be paid for work performed while incarcerated. Wendt v. Lynaugh, 841 F.2d 619 (5th Cir.1988).

Accordingly, Plaintiff's place of confinement and incentive wage claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of November 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE